IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ANTHONY CHAVEZ, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

CENTURYLINK, INC., a Louisiana corporation doing business in Colorado as
CENTURYLINK BROADBAND,
CENTURYLINK COMMUNICATIONS, LLC, and
CENTURYLINK, PUBLIC COMMUNICATIONS, INC.; and
DOES 1 through 50, inclusive,

    Defendants.

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Anthony Chavez ("Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts, and upon information and belief based upon the investigation conducted by counsel as to all other matters.

### NATURE OF THE ACTION

1. This is a class action against defendant CenturyLink, Inc. ("Defendant" or "CenturyLink") for its fraudulent and unlawful addition of false charges to its customers' accounts.

2. As set forth in a whistleblower complaint (the "Whistleblower Complaint") filed against CenturyLink by a former employee, Defendant has engaged in a widespread and

continuous practice of designating customers as having additional accounts that they had not requested or approved, charging customers more than the quoted price for contracts, charging termination fees for canceling contracts, and continuing to bill customers after they closed their accounts. As a result of these bogus charges, Defendant was able to add millions of dollars in charges to their customers' bills for services they did not request.

3.     That is precisely what happened to Plaintiff. In about early 2017, Plaintiff signed up for television and internet service with Defendants. After signing up for this service, Plaintiff then learned that he had been signed up for a telephone account that he did not request and was charged for that account. Although Defendant appeared to acknowledge the false account, Defendant continued to charge Plaintiff for that account until Plaintiff discontinued his contract with Defendant.

4.     According to the Whistleblower Complaint, Defendant's employees have a motive to add false accounts and charges: Defendant has "expectations and incentive programs" for sales agents and other related employees that reward them, in part, based upon the number of lines or services sold to customers, the upselling of services to existing customers, and the growth of the service base at CenturyLink.

5.     According to the Whistleblower Complaint, CenturyLink may have billed for or collected "many millions of dollars" in authorized service fees from customers in the past two years.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d). The Class consists of over 100 individuals who are citizens of a different state from Defendants, and the damages exceed $5,000,000 exclusive of interest and costs.

7.      Venue is appropriate in this District because a substantial portion of events giving rise to Plaintiff's claims occurred in this District and Defendants do business in this District.

## PARTIES

8.      Plaintiff is a citizen of the State of Colorado, residing in Denver. In or about January, 2017, Plaintiff signed up for television and internet service from Defendant. Defendant, without Plaintiff's request, added telephone service to Plaintiff's account and charged him an additional amount for that service. Among the bogus charges on Plaintiff's bill was a charge for phone service in the amount of $49 for a single week, February 17-22, 2017. Defendant repeatedly charged Plaintiff for telephone service until Plaintiff switched service providers.

9.      Defendant CenturyLink is a Louisiana corporation doing business in Colorado. Defendant is a provider of telephone, internet and television services to residential and commercial customers throughout the United States. Defendant has over 5 million subscribers in a 37-state service area. CenturyLink offers voice and data communications, as well as television and home security services.

10.     DOES 1-50 are currently unknown actors who, by virtue of their positions and responsibilities at CenturyLink, created, implemented, carried out, permitted, and/or required employees of Defendant to commit the wrongs alleged in this Complaint. Upon learning the identities of DOES 1-50, Plaintiff will amend the complaint to include their names.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings bring this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of Defendant's subscribers who were charged for services they did not request (the "Class").

12.     The Class is so numerous that joinder of all members would be impracticable. Although Plaintiff does not know the precise number of Class members, Plaintiff estimates that

there are hundreds of thousands or millions given Defendant's subscriber base of over 5 million and given the estimated damages in the whistleblower complaint of "many millions" of dollars..

13. Questions of law and fact are common to all members of the Class and those common questions predominate over any questions affecting only individual members including:

    a. Whether Defendant's conduct was deceptive;

    b. Whether Defendant's conduct was unconscionable;

    c. Whether Defendant was unjustly enriched by its conduct;

    d. Whether Defendant's conduct violated applicable consumer protection laws;

    e. The amount by which Defendant profited from its conduct;

    f. The amount by which Plaintiff and the Class were harmed;

    g. The proper measure of damages, including penalties and punitive damages as a result of Defendant's intentional conduct.

14. Plaintiff's claims are typical of the claims of the Class. Plaintiff and the members of the Class sustained damages and were victims of the same conduct by Defendant.

15. Plaintiff will adequately represent the Class. Plaintiff has no interests that are antagonistic to the Class and Plaintiff has retained attorneys experienced in class action litigation.

16. A class action is superior to all other available methods for litigation of this action because:

    a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a

practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  b. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

  c. Defendant acted or refused to act on grounds generally applicable to the Class; and

  d. Because each Class member's damages are not likely to be large, litigation of all claims together would provide a more efficient resolution and would also preserve court resources and time.

## SUBSTANTIVE ALLEGATIONS

17. On June 14, 2017, a former CenturyLink employee filed a whistleblower complaint (the "Whistleblower Complaint") alleging that Defendant engaged in a pervasive, massive scheme of billing fraud. Among other practices, the Whistleblower Complaint alleged that Defendant's employees have a practice of adding false, fraudulent charges to Defendant's customer's bills by signing the customers up for additional accounts that they had not requested or approved.

18. The Whistleblower Complaint estimated that Defendant had charged the members of the Class "many millions of dollars" as a result of its scheme.

19. Plaintiff was a victim of this practice and, as alleged above, was "signed up" for a telephone account that he did not request or authorize.

20. Plaintiff is far from being the only customer of Defendant who was overcharged and/or signed up for an account he did not request or authorize. The internet is overflowing with complaints similar to Plaintiff's.

5

21. Consumers have complained about various overcharges, including being signed up for services they did not request (like Plaintiff), being billed at higher rates than those quoted to them by Defendant's employees, billing for early termination fees, continuing to bill customers after they had canceled their accounts, adding charges and requiring consumers to pay for previously undisclosed fees in connection with signing up for Defendant's services. Among the complaints:

a. "These people are crooks. Plaint and simple….Consistently I was overcharged by them." June 6, 2017 statement on www.consumeraffairs.com

b. "…I received a bill of $400 when my bundle was [$]99." July 30, 2015 complaint on www.telephonecomplaintconnect.com.

c. "In March of 2016 I canceled my phone/internet service with Centurylink. They disconnected the service from my home but have continued to charge me a monthly service fee. I had set up an autopay for this account and they are withdrawing money from my bank account on a monthly basis for services they haven't provided. I have called Centurylink numerous times trying to get this resolved. The last time I called I was on the phone for over one hour! Every time I call they say they have fixed the problem and I will get a refund. Instead they continue to bill me monthly and deduct it from my checking account. This has gone on for seven months now. I don't know what else to do. Contacting Centurylink is not working." October 8, 2016 complaint on www.complaintboard.com/centurylink-l3215.html

d. It was represented to me that because I had cancelled my service so soon after its activation, everything would be credited back to my account and I would owe $0. Then, about 2 weeks later, I got a bill in the mail for $131. Of course it was after 5pm so the "billing department" was closed but the phone representative I talked to contacted the help desk and I

6

was told, again, I should not have been billed anything. And I should call billing between the hours of 8am to 5pm to verify. So, took my lunch hour the next day and called . . . [Defendant's] 'escalation manager blamed me for the charges and said I had to pay for phone as it was not refundable[.]" September 20, 2016 complaint on www.complaintboard.com/centurylink-l3215.html

   e. "I had phone and internet service installed 5/21/2016 for $65 a month…. They are billing me $300 for the 2.5 weeks of internet and 1 week of phone. I have complained through dispute resolution who was supposed to zero the bill due to the numerous issues and nearly 40 total phone calls and countless hours on hold, and the 4 days off of work...well, they didn't." September 14, 2016 complaint on www.complaintboard.com/centurylink-l3215.html

   f. "Signed up for Centurylink initernet and Prism TV service. Chat sales agent quoted approx $75/mo for both services . . . [I was actually billed] $164.47." August 6, 2016 complaint on www.complaintboard.com/centurylink-l3215.html

   g. "Closed account mid 2015. I was advised there was a $15 balance. I paid the balance. The next month I received a $15 check for overpayment and notice that account closed. That was back in Sept 2015. In Feb 2016 I received a letter from a collection agency for $107. No idea what this is for. No contact from Century link. No bills received. Tried to contact century link and bounced around since apparently nobody handles billing disputes there. This is very frustrating and completely ridiculous." February 26, 2016 complaint on www.complaintboard.com/centurylink-l3215.html

## COUNT ONE
### Consumer Fraud and/or Unconscionable or Unfair Practices

22. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

7

23. Defendant engaged in deceptive, unconscionable and/or unfair business practices by, among other things, causing the members of the Class to be signed up for services they did not request, billing at higher rates than those quoted, billing for early termination fees, continuing to bill customers after they had canceled their accounts, adding charges and requiring consumers to pay for previously undisclosed fees in connection with signing up for Defendant's services.

24. Plaintiff and the Class were harmed by Defendant's deceptive, unconscionable, and/or unfair business practices in amounts to be determined at trial. Plaintiff and the Class are entitled to, among other things, compensatory damages, statutory damages and penalties, and punitive damages.

## COUNT TWO
### Breach of Contract

25. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

26. Plaintiff and the Class entered into contracts with Defendant for the provision of certain services at certain costs.

27. Defendant overcharged Plaintiff and the Class in violation of those contracts and/or failed to provide the services promised to Plaintiff and the Class.

28. Plaintiff and the Class were harmed thereby. Plaintiff and the Class are entitled to, among other things, compensatory, incidental and consequential damages.

## COUNT THREE
### Breach of Duty of Good Faith and Fair Dealing

29. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

30. Implied in every contract is a duty of good faith and fair dealing.

31. By its actions herein, Defendant breached that duty and did not act fairly or in good faith.

32. Plaintiff and the Class were harmed thereby.

## COUNT FOUR
### Unjust Enrichment

33. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

34. By the conduct alleged herein, Defendant enriched itself at the expense of Plaintiff and the Class in an amount, estimated by the Whistleblower Complaint, to be "many millions of dollars."

35. Equity and good conscience militate against permitting Defendant to retain the benefits of its practices, since those benefits were obtained by intentionally overcharging Plaintiff and the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. Declaring this action to be a proper class action pursuant to Fed. R. Civ. P. 23;

B. Awarding Plaintiff and the Class damages, in an amount to be determined at trial, as alleged herein;

D. Awarding Plaintiffs reasonable costs and attorneys' fees including expert fees; and

E. Awarding such equitable, injunctive or other relief in Plaintiff's favor as the Court may deem just and proper.

### JURY DEMAND

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury.

| | |
|---|---|
| DATED: June 26, 2017 | Respectfully Submitted,<br><br>*/s/ Rusty E. Glenn*<br>Rusty E. Glenn<br>**THE SHUMAN LAW FIRM**<br>600 17th Street, Suite 2800 South<br>Denver, CO 80202<br>Telephone: (303) 861-3003<br>Facsimile: (303) 536-7849<br>Email: rusty@shumanlawfirm.com<br><br>Kip B. Shuman<br>**THE SHUMAN LAW FIRM**<br>Post-Montgomery Ctr.<br>One Montgomery Street, Ste. 1800<br>San Francisco, CA 94104<br>Telephone: (303) 861-3003<br>Facsimile: (303) 536-7849<br>Email: kip@shumanlawfirm.com<br><br>*Local Counsel for Plaintiff*<br><br>**GARDY & NOTIS, LLP**<br>Mark C. Gardy<br>James S. Notis<br>Orin Kurtz<br>Tower 56<br>126 East 56th Street, 8th Floor<br>New York, NY 10022<br>Tel: 212-905-0509<br>Fax: 212-905-0508<br>mgardy@gardylaw.com<br>jnotis@gardylaw.com<br>okurtz@gardylaw.com<br><br>**GERAGOS & GERAGOS, APC**<br>Mark J. Geragos<br>Ben Meiselas<br>Historic Engine Co. No. 28<br>644 South Figueroa Street<br>Los Angeles, California 90017-3411<br>Tel: (213) 625-3900<br>Fax: (213) 625-1600<br><br>*Attorneys for Plaintiffs* |

10